UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

MICHELLE M. NEWBAUER,

       Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian corporation d/b/a
CARNIVAL CRUISE LINES,

       Defendant.

_____ _____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHELLE M. NEWBAUER, a citizen and resident of the state of Michigan

sues Defendant CARNIVAL CORPORATION, a Panamanian corporation with its principal

place of business in Miami-Dade County, Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1.      This is an action for damages in excess of seventy-five thousand ($75,000.00)

dollars, exclusive of interest and costs.

2.      Plaintiff MICHELLE M. NEWBAUER is sui juris and is a resident and citizen of

the State of Michigan.

3.      Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian

corporation doing business as CARNIVAL CRUISE LINES, with its principal place of business

in Miami, Miami-Dade County, Florida.  CARNIVAL is therefore a citizen both of Panama and

of Florida for purposes of this action.

Newbauer v. Carnival Corp.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, based on diversity of citizenship.  The Plaintiff is a citizen and resident of the State of Michigan, while the Defendant is deemed a citizen of Florida and Panama for federal jurisdictional purposes, so there is complete diversity of citizenship between the parties.  The amount in controversy exceeds $75,000.00, the minimum jurisdictional amount for diversity cases.  The injuries and damages alleged in Paragraphs 13 and 14 below support an award of damages exceeding $75,000.00.

5.      At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6.      At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7.      In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8.      Venue is also proper in this district because the Defendant's principal place of business is located within this district.

9.      Plaintiff has complied with all conditions precedent to bringing this action.  The Plaintiff gave the Defendant a timely written notice of claim as required by the ticket contract in the form of a letter dated April 15, 2019, a copy of which is attached as Exhibit 1 and incorporated by reference.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Newbauer v. Carnival Corp.

## LIABILITY AND DAMAGE ALLEGATIONS
## COMMON TO ALL COUNTS

10.     At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "MAGIC."

11.     At all material times, the Defendant operated, managed, maintained and was in exclusive control of the "MAGIC."

12.     At all material times, including the injury date of February 27, 2019, the Plaintiff was a fare paying passenger aboard the "MAGIC" and in that capacity was lawfully present aboard the vessel.

13.     On or about February 27, 2019, while on board the "MAGIC" as a fare paying passenger of the Defendant, the Plaintiff was walking on the Lido Deck of the vessel, near the Red Frog Bar, when she slipped on a liquid or wet, slippery transitory substance near the bar and fell, thereby sustaining serious injuries including a patellar subluxation and a lateral meniscus tear of the right knee, which was surgically repaired.

14.     As a direct and proximate result of the fall described above, the Plaintiff was injured in and about her body and extremities, sustaining injuries including a including a patellar subluxation and a lateral meniscus tear of the right knee, suffered pain therefrom, sustained mental anguish, disfigurement, disability, and the inability to lead a normal life. Furthermore, she sustained loss of earnings and a loss of earning capacity in the past and future, and incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Newbauer v. Carnival Corp.

## COUNT I - NEGLIGENT FAILURE TO MAINTAIN

15.     Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

16.     At all material times, the Defendant owed the Plaintiff, as a fare paying passenger on board a cruise passenger vessel it operated, a duty of reasonable care for her safety.

17.     At all material times, the liquid or wet, slippery transitory substance referred to in Paragraph 13 above was located in an area of the ship that was a high traffic dining area, the Lido Marketplace and adjacent areas, so that the Defendant knew or should have known of the presence of the liquid or wet, slippery transitory substance, but failed to undertake reasonable safety measures for passenger safety.

18.     The liquid or wet, slippery transitory substance in the area where the Plaintiff fell had existed for a sufficient period of time before the Plaintiff's fall that the Defendant had actual or constructive knowledge of its presence and an opportunity to correct it.

19.     As an alternative to the allegations in the preceding paragraph, the Defendant at all material times had actual or constructive knowledge of the liquid or wet, slippery transitory substance in the area where the Plaintiff fell due to the regularly and frequently recurring nature of the hazard in that area.

20.     Notwithstanding its actual or constructive notice of the wet, foreign or transitory substance in the subject area, and consequent hazard to passengers, the Defendant failed to maintain its vessel adequately by correcting the dangerous condition before Plaintiff fell. The Defendant thereby failed to exercise reasonable care for the safety of its passengers and was negligent.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Newbauer v. Carnival Corp.

21.     The Defendant's specific acts or omissions of negligent maintenance of its vessel consist of or more of the following:

a.     Failing to maintain the deck surface in the area where Plaintiff fell in a reasonably safe condition;

b.     Failing to conduct routine inspections of the area where Plaintiff fell;

c.     Failing to clean and dry the area where Plaintiff fell on a reasonably timely basis;

d.     Failing to cordon off or otherwise isolate the area where the Plaintiff fell pending cleaning and drying of the hazardous area.

22.     As a direct and proximate result of one or more of the negligent acts described above, Plaintiff slipped, fell and has sustained and will continue in the future to sustain the damages described in Paragraph 14.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II - NEGLIGENT FAILURE TO WARN

23.     Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

24.     At all material times, the Defendant owed the Plaintiff, as a fare paying passenger on board a cruise passenger vessel it operated, a duty of reasonable care for her safety.

25.     At all material times, the liquid or wet, slippery transitory substance referred to in Paragraph 13 above was located in an area of the ship that was a high traffic dining area, the Lido Marketplace and adjacent areas, so that the Defendant knew or should have known of the presence of the liquid or wet, slippery transitory substance, but failed to undertake reasonable safety measures for passenger safety.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Newbauer v. Carnival Corp.

26.     The liquid or wet, slippery transitory substance in the area where the Plaintiff fell had existed for a sufficient period of time before the Plaintiff's fall that the Defendant had actual or constructive knowledge of its presence and an opportunity to warn of it.

27.     As an alternative to the allegations in the preceding paragraph, the Defendant at all material times had actual or constructive knowledge of the liquid or wet, slippery transitory substance in the area where the Plaintiff fell due to the regularly and frequently recurring nature of the hazard in that area.

28.     Notwithstanding its actual or constructive notice of the wet, foreign or transitory substance in the subject area, and consequent hazard to passengers, the Defendant failed adequately to warn passengers traversing the area of the hazard through the use of appropriate signs or warning cones, cordoning off the area pending its cleaning and drying, or otherwise. The Defendant thereby failed to exercise reasonable care for the safety of its passengers and was negligent.

29.     As a direct and proximate result of Defendant's negligent failure to warn described above, Plaintiff was not timely alerted to the hazardous condition in the area where she fell and thereby slipped, fell and has sustained and will continue in the future to sustain the damages described in Paragraph 14.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Newbauer v. Carnival Corp.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this September 9, 2020.

/s *Philip M. Gerson*
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:     (305) 371-6000
Facsimile:      (305) 371-5749
*Attorneys for Plaintiffs*

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com