United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Michelle M. Newbauer, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-23757-Civ-Scola |
| | ) | |
| Carnival Corporation, Defendant. | ) | |

**Order on Motion to Dismiss**

This matter is before the Court upon the Defendant Carnival Corporation's motion to dismiss Plaintiff Michelle Newbauer's complaint. For the reasons stated below, the Court **grants** the Defendant's motion. (**ECF No. 8**.)

**1. Background**

The Plaintiff, Michelle Newbauer, was a passenger abord the *Carnival Magic*. (ECF No. 1, at ¶ 10.) On February 27, 2019, Ms. Newbauer claims she was walking on the "Lido Deck of the vessel, near the Red Frog Bar, when she slipped on a wet, slippery transitory substance near the bar and fell." (ECF No. 1, at ¶ 13.) As a result of her accident, the Plaintiff argues Carnival is liable for negligent failure to maintain (Count I) and negligent failure to warn (Count II).

In support of Count I, the Plaintiff maintains that the area where she slipped and fell was a "high traffic dining area" such that the Defendant "knew or should have known of the presence of the liquid or wet, slippery or transitory substance." (ECF No. 1, at ¶ 17.) She also alleges the substance existed "for a sufficient period of time before the Plaintiff's fall" such that the Defendant was on actual or constructive notice. (ECF No. 1, at ¶ 18.) The Plaintiff alleges in the alternative that the Defendant was on notice of the hazard causing the Plaintiff's injury because of the regular and frequently recurring nature of the hazard in that area.

In support of Count II, the Plaintiff similarly alleges that the hazard was in a high traffic area, that the substance existed for a sufficient period of time such that the Defendant was on actual or constructive notice, or alternatively that that Defendant was on notice due to the frequent and recurring nature of the hazard that caused the Plaintiff's injury. (ECF No. 1, at ¶¶ 25-27.)

The Defendant states that the Plaintiff's complaint must be dismissed as it is fact-barren and conclusory, and therefore fails to satisfy federal pleading standards.

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Federal Rule of Civil Procedure 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.*

In applying the Supreme Court's directives in *Twombly* and *Iqbal*, the Eleventh Circuit has provided the following guidance to the district courts:

> In considering a motion to dismiss, a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Further, courts may infer from the factual allegations in the complaint obvious alternative explanation[s], which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.

*Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (citations omitted). "This is a stricter standard than the Supreme Court described in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which held that a complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mukamal v. Bakes*, 378 F. App'x 890, 896 (11th Cir. 2010). These precepts apply to all civil actions, regardless of the cause of action alleged. *Kivisto*, 413 F. App'x at 138.

## 3. Analysis

To plead negligence, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury;

and (4) the plaintiff suffered actual harm." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014). The duty of care owed by a cruise operator to its passengers is ordinary reasonable care under the circumstances, "which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition." *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989); *Thomas v. NCL (Bahamas), Ltd.*, 203 F.Supp.3d 1189, 1192 (S.D. Fla. 2016) (Williams, J.). A defendant can be deemed to be on actual notice where the "defendant knows of the risk creating condition" and on constructive notice "when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Bujarski v. NCL (Bahamas) Ltd.*, 209 F. Supp. 3d 1248, 1250-51 (S.D. Fla. 2016) (Otazo-Reyes, Mag. J.).

    While the Plaintiff claims her complaint sets forth sufficient facts for the Court to find that Carnival was on actual or constructive notice of the hazardous condition which caused the Plaintiff to fall, from a review of the complaint and taking the Plaintiff's allegations in the light most favorable to the Plaintiff, the Court finds that the Plaintiff has failed to allege that Carnival was on either actual or constructive notice of the hazard in question. In support of her contention that Carnival was on actual or constructive notice, the Plaintiff states that Carnival must have been aware of the danger on its ship because the substance was in a high traffic area, because it existed for a sufficient period of time, or because of the frequent nature of similar incidents. None of the Plaintiff's allegations suggest Carnival was on constructive notice, let alone actual notice, of the hazard complained of because the Plaintiff's complaint fails to satisfy applicable federal pleading standards under Federal Rule 8 and the *Iqbal/Twombly* standard.

    The Court first finds that the Plaintiff's assertion of prior slip and fall incidents is conclusory and therefore insufficient to establish that Carnival was on notice of the hazard which allegedly led to the Plaintiff's injury. In her complaint, the Plaintiff provides no facts at all in support of this claim. *See Prather v. NCL Bahamas Ltd.*, No. 19-21832-Civ, 2020 WL 4501809, at *4 (S.D. Fla. June 19, 2020) (Louis, Mag. J.) ("a plaintiff can establish constructive notice by . . . submitting evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior incident."), *report and recommendation adopted*, 2020 WL 4381412 (S.D. Fla. July 31, 2020) (Moreno, J.); *see also Navarro v. Carnival Corp.*, No. 19-21072-Civ, 2020 WL 1307185, at *3 (S.D. Fla. March 19, 2020) (Moreno, J.) (discussing cases granting motions to dismiss where there were no allegations of prior incidents or injuries). The Plaintiff states in her briefing that

"[b]efore discovery has commenced, Ms. Newbauer cannot go further and detail a specific number and frequency of previous liquid spills near the onboard bar" (ECF No. 10, at 3) but this statement impermissibly seeks to flip the sequence of litigation. A plaintiff cannot make conclusory assertions in the hopes that it may learn during the course of discovery that such assertions have merit. *Sovereign Bonds Exch. v. Fed. Republic of Ger.*, No. 10-21944-Civ., 2011 WL 13100214, at *1 (S.D. Fla. Aug. 9, 2011) (Altonaga, J.); *see also Christie v. Royal Caribbean Cruises, Ltd.*, No. 20-22439-Civ, 2020 WL 6158815, at *7 (S.D. Fla. Oct. 21, 2020) (Scola, J.).

The Court turns next to the Plaintiff's allegations that the area in question was a high traffic dining area. This allegation too fails to establish Carnival was on notice. As currently alleged, the Plaintiff "mistakenly conflates foreseeability with actual or constructive notice." *Navarro*, 2020 WL 1307185, at *3 (S.D. Fla. March 19, 2020) (Moreno, J.). As the Court suggested in *Navarro*, the fact that an event is foreseeable, i.e. that a wet substance could end up in a highly trafficked dining area is foreseeable, does not mean Carnival was on actual or constructive notice of that condition. Plaintiff must plead facts to support that claim, but the Plaintiff fails to do so. Accordingly, the Court finds this unsupported allegation does not establish Carnival was on actual or constructive notice of the hazard which allegedly led to the Plaintiff's injury.

Finally, the Court turns to the Plaintiff's allegation that Carnival was on constructive notice by virtue of the length of time the adverse condition was present. As with the Plaintiff's prior allegations, the Court finds that the Plaintiff provides no factual allegations at all to support a conclusion that Carnival *should have known* of the wet substance that allegedly caused Ms. Newbauer's injury. The totality of Plaintiff's is a conclusory statement that the condition "had existed for a sufficient period of time before the Plaintiff's fall." (ECF No. 1, at ¶¶ 18, 26.) As plead, it is impossible for the Court to tell if the hazardous condition the Plaintiff complains of was present for five second, five minutes, or five hours. While the Plaintiff's complaint makes clear it is *possible* that Carnival was on notice, the Plaintiff's complaint does not state a claim that is *plausible* on its face sufficient to survive a motion to dismiss. *See Road Space Media, LLC v. Miami Dade Cty.*, No. 19-21971-Civ, 2020 WL 434929, at *4 (S.D. Fla. Jan. 28, 2020) (Scola, J.).

In light of the above, the Court finds that the Plaintiff has failed to allege that Carnival was on actual or constructive notice of the hazard which allegedly caused Ms. Newbauer's injury. Accordingly, the Court finds that both of the Plaintiff's claims against the Defendant fail. Allowing the Plaintiff's claim to proceed as alleged would endorse a "'general foreseeability theory of liability'—a theory that has been 'roundly rejected by federal courts because it would

essentially convert a carrier into an insurer of passenger safety." *Navarro*, 2020 WL 1307185, at *4 (internal citations omitted).

### 4. Conclusion

In sum, the Court **grants** the Defendant Carnival's motion to dismiss. (**ECF No. 8**.) The **Clerk** is directed to **close** this case. All pending motions, if any, are **denied as moot**.

**Done and ordered**, in chambers at Miami, Florida, on February 23, 2021.

Robert N. Scola, Jr.
United States District Judge